FRANCIS C. DAVIS ET AL. v. HAMILTON CO. (COMRS.)

1. INCREASE IN VALUATION ON PLATTING OF LAND.

> Under Rev. Stat. 2797 (Lan. 4183) providing for the revaluation for taxation of newly platted additions to a town, the assessor may fix the aggregate valuation of the lots in excess of the valuation placed upon the land before platted.
>
> [For other cases in point, see 7 Cyc. Dig., "Taxation," §§ 474-476.—Ed.]

2. REMEDY OF PROPERTY OWNER FOR EXCESSIVE VALUATION OF NEWLY PLATTED LAND.

> The assessor having exercised his judgment in fixing the valuation of newly platted lots in excess of adjacent lots, the error being fundamental and not clerical, the remedy of the property owner is by appeal to the city board of equalization and to the county commissioner.
>
> [For other cases in point, see 7 Cyc. Dig., "Taxation," §§ 470-471.—Ed.]

Hamilton County.

ERROR to Hamilton common pleas court.

GIFFEN, J. •

The original application was made to the county commissioner for a refunder of taxes, under Rev. Stat. 1038 (Lan. 2378).

In the year 1890, the plaintiffs in error were the owners of a tract of land comprising about three acres, which was valued under the decennial appraisement, at $4,480. In November, 1891, it was subdivided into thirty-nine lots, which the annual assessor returned at a valuation aggregating the sum of $24,200. It appearing afterwards that the assessor had, by mistake, returned a valuation* twice as great as intended, it was thereupon reduced to $12,100.

The claim made before the commissioners was, that under Rev. Stat. 2797 (Lan. 4183), the assessor was authorized only to apportion the decennial valuation to the several lots into which the land had been subdivided. The claim was rejected by the commissioners, and upon appeal to the common pleas court, a like judgment was rendered, together with separate findings of fact and conclusions of law. If the contention of counsel that the assessor has no authority to return the valuation upon the lots in excess of the decennial valuation upon the land be true, then the return would undoubtedly be such as the auditor may correct, or call the attention of the commissioners to. Revised Statute 2797 (Lan. 4183) provides as follows:

"Whenever any person or persons shall lay out any town or any addition to any town, he or they shall, before the plat thereof is recorded, present the same to the county auditor, who shall cause the assessor of the proper locality to assess and return the true valuation of each lot or parcel of land described in such plat, in the same manner as new structures are valued; and thereupon such lots or parcels shall be entered on the tax list in lieu of the land included therein; but in making such valuation, regard shall be had to the next preceding decennial valuation of real estate, so that the said lots shall, as near as practicable, be equalized with adjacent lands and lots according to such decennial valuation."

This provision was first enacted April 6, 1866 (63 O. L. 174; Rev. Stat. 2797; Lan. 4183), "to provide for the valuation of lands included in new town plats or additions thereto," and was construed in the case of *Mitchell* v. *Franklin Co.* (*Treas.*) 25 Ohio St. 143. The second proposition of the syllabus is as follows:

"This act should be considered and construed in connection with other statutes, *in pari materia;* and when so considered and construed,

Davis v. Commissioners.

its operation does not conflict with the provisions of the second section of the twelfth article of the constitution.''

And at page 158, the court say :    :

''If inequality, however, does, in fact, exist—if the plaintiff's property is placed on the duplicate for taxation at a higher valuation than other city property of the same cash value, or higher than its true value in money, ample provision is made by statute for their relief. It is their right and privilege to complain to the annual city board of equalization for redress, and it is the duty of the board to grant them relief. Until, therefore, they exhaust the remedy thus provided by statute, a court of equity should not interfere, in their behalf, by enjoining the collection of the tax.''

This case clearly recognizes the authority of the annual assessor to return the valuation of a new subdivision in an amount greater than the decennial value of the land. But counsel urged, that in order to overcome the effect of this decision, the act was so amended, by the revision of the statutes, as to provide that in making such valuation, regard shall be had to the next preceding decennial valuation of real estate, so that the city lots shall, as nearly as practicable, be equalized with adjacent lands and lots according to such decennial valuation. Such revision, however, does not change the power or authority of the assessor to assess and return the true valuation of each lot, but merely prescribes the rule which shall govern the assessor in the making of such valuation. If it were intended that the assessor should only apportion the valuation of the land to the several lots into which the tract has been subdivided, there would be no occasion to provide for the assessing and returning of a true valuation, or prescribing any rule whereby it should be done. The provision that the assessor shall assess and return the true valuation of each lot, shows that he is to exercise his judgment in arriving at such valuation, and to aid him in arriving at a correct conclusion, as well as equalize said lots with adjacent lands and lots, he is directed to have regard to the next preceding decennial valuation of real estate. The findings of fact show that the valuation of these lots were not equalized with adjacent lands and lots, but the assessor was acting within the scope of his authority, and the error was fundamental and not clerical. The plaintiffs in error were not without remedy, but could have appealed to the annual city board of equalization for redress.

Judgment affirmed.

**Jelke** and **Swing. JJ.,** concur.